## BALLEW & HUSTON et al. v. BLAKENY.
### (No. 2394.)

(Court of Civil Appeals of Texas. Texarkana. March 23, 1921. On Rehearing, April 21, 1921.)

1. **Stipulations** ⊂⇒14(12) — **Costs improperly charged in judgment against bank under stipulation.**

Where it was agreed at the trial that "the First National Bank is a mere stakeholder, and that the bank has the $600, which is claimed by the plaintiff, and the defendants B. & H. put up $300, and the plaintiff put up $300. The bank does not claim the money. No judgment shall be rendered against the bank, except for $600, which is a mere depository"— the court erred in entering judgment against the bank for $600, and "for court costs"; the bank never having made any claim to the money and being willing to pay it to the rightful owners, both before and after the suit was filed.

2. **Brokers** ⊂⇒106—**In action against agent to recover earnest money deposited, principal was necessary and proper party defendant, and there was no error in rendering judgment against both.**

In action against real estate agent to recover a deposit in a bank as earnest money on a sale of land, part by plaintiff and part by the agent, the owner of the land, as principal, was a necessary and proper party to the suit, and there was no error in rendering judgment against the owner, as well as the agent and the bank, where he entered a general denial to the petition in claim of the earnest money for default in the contract, and did not file a disclaimer of any legal interest in the money, and did not testify that he never authorized his agent to make the contract of sale; but the judgment should provide that a payment to the plaintiff by the bank of the amount of the deposit should be in full satisfaction of the entire judgment.

Appeal from Henderson County Court; Joe A. McDonald, Judge.

Suit by R. J. Blakeny against Ballew & Huston and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

The appellee brought the suit to recover $600 deposited as earnest money with the First National Bank as stakeholder. The defendants each made answer. The case was submitted to the jury on special issues, and on the answers of the jury the court entered judgment for the $600 in favor of the plaintiff. The plaintiff and Ballew & Huston, as agents of A. B. Moore, agreed in writing and signed on October 14, 1919, the following:

"The parties of the first part, Ballew & Huston, acting as agents of A. B. Moore, agree to sell to R. J. Blakeny, party of the second part, 53 acres of land. [Here follows description by field notes.] Each party agrees to put up a forfeit of $300 in First National Bank of Malakoff, Texas."

A. B. Moore, the owner of the land, appointed Ballew & Huston his agents to dispose of it. The price of the land was to be $70 per acre cash. Plaintiff and Ballew & Huston, as agents, each put up the $300 cash required of them. Plaintiff pleaded and testified that he was ready and willing to perform his part of the contract, but that the other parties to the contract failed and refused to convey the land described in the contract to him. Ballew & Huston pleaded and claimed in the evidence that the above written agreement made by them as agents did not contain all the agreement between the parties, but that by mutual mistake the following part of the agreement was left out of the said writing:

"There shall first be taken off the north end of the Moore tract 75 acres for Mrs. L. R. Clark, and then 53 acres for Mr. Miller, and after these tracts are surveyed and cut off R. J. Blakeny is to have a 53-acre tract, and the same is to lie immediately south of the Cook tract of 73 acres."

---
⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendants testified that they offered to plaintiff a deed describing the 53-acre tract south of the 73 acres, and that he refused to accept it. It was agreed in the trial by the parties that:

"The First National Bank is a mere stakeholder, and that the bank has the $600, which is claimed by the plaintiff, and the defendants Ballew & Huston put up $300 and the plaintiff put up $300. The bank does not claim the money. No judgment shall be rendered against the bank, except for $600, which is a mere depository."

The jury answered the issues submitted (1) that there was no agreement such as pleaded by the defendants, and (2) that any such agreement was not left out of the original agreement by mutual mistake.

Miller & Miller, of Athens, for appellants.
Justice & Justice, of Athens, for appellee.

LEVY, J. (after stating the facts as above). [1] The first assignment of error predicates error in entering judgment "for court costs" in favor of the plaintiff against the First National Bank. This was error, both in view of the pleadings and evidence and the agreement of the parties. The bank has never made claim to the money, and was willing to pay it to the rightful owners, both before and after suit was filed. The assignment of error is sustained, and the judgment is modified in that respect.

[2] The second assignment predicates error in rendering judgment against A. B. Moore. Ballew & Huston were acting, in making the contract of sale and in the deposit of the earnest money, as agents for A. B. Moore, and the effect and extent of the judgment is merely to adjudicate against A. B. Moore, in favor of the plaintiff, any interest A. B. Moore may have in the earnest money so deposited for him and in his behalf. A. B. Moore entered a general denial to the plaintiff's petition in claim of the earnest money for default in the contract, and did not file a disclaimer of any legal interest in the money, and did not testify that he never authorized his agents to make the contract of sale. The contract of sale was for him and in his behalf as owner of the land, and as principal in the agreement he was a necessary and proper party to the suit. The assignment is overruled.

The third assignment assails the sufficiency of the evidence to show such nonperformance of the contract of sale as to entitle the plaintiff to recover the money sued for. We conclude that this assignment should be overruled.

There is no reversible error in the fourth assignment of error, and it is overruled.

The judgment is modified and affirmed.

### On Rehearing.

PER CURIAM. The motion for rehearing is granted only in so far as it seeks to modify the judgment of the county court. The judgment authorizes a recovery and execution against each of the defendants severally and jointly for the $600 sued for. The judgment should be corrected, so as to provide that the payment to the plaintiff by the bank of the $600 should be in full satisfaction of the entire judgment.